## WEAVER v STATE

Ohio Supreme Court

No 20861. Decided Feb. 20, 1929

Syllabus by ROBINSON, J

**TRIAL**

(590 E3n) Hearsay evidence that would be incompetent if offered by the State in chief is not rendered competent by the fact that it is elicited by the State from the witness of the accused upon cross examination.

The fact that hearsay evidence is elicited under the guise of laying a foundation for impeachment does not render it competent.

(590 W3g) The introduction of incompetent evidence by way of cross-examination, under the guise of laying a foundation for impeachment, does not furnish a foundation upon which to introduce further incompetent evidence by way of impeachment.

When it is made to appear to the court that the purpose or the effect of offering impeaching testimony is or will be to bring incompetent evidence to the knowledge of the jury, it is the duty of the court to require that such impeaching testimony be confined to a denial or an affirmance of a question or questions for which a foundation has been laid, and which do not include incompetent evidence.

**CRIMINAL LAW**

(190 E4) The right of the State, in the prosecution of a criminal action, to cross-examine and impeach the witnesses of the accused does not abrogate the constitutional right of the accused to face and cross-examine every person out of whose declarations the State seeks to condemn him.

Kinkade, Jones, Matthias and Allen, JJ, concur.

## STORM & SONS v BLANCHETT

Ohio Supreme Court

No 21329. Decided Feb. 20, 1929

Syllabus by MATTHIAS, J

**GUARANTY**

(280 C2) The clear and unambiguous terms of an instrument of guaranty will not be extended by construction or implication to cover a period of time not embraced within those terms.

Where a guarantor in writing assured the payment of invoices for services rendered "until such time as the corporation of the Union Body Company, Inc., has been made effective," a subsequent statement in the instrument, that "when the corporation is completed we will furnish your company a financial statement such as will make it possible for you to extend our company your usual terms of credit," does not serve to extend the period of liability of the guarantor beyond the time when the incorporation of said company became effective.

In an action predicated upon such instrument to recover for services rendered such company in April, 1925, it being conceded that the incorporation was completed and effective December 29, 1924, the defendant was entitled to a directed verdict in his favor.

Marshall, CJ, Robinson, Day and Allen, JJ, concur. Kinkade, J, not participating.